José de Gracia, Plaintiff and Appellee, *v.* Gerardo Guardiola, Defendant, and Mario Escudero, Intervenor and Appellant.—José de Gracia, Plaintiff and Appellee, *v.* Gerardo Guardiola, Defendant, and Algio Guardiola, Intervenor and Appellant.

Nos. 4324 and 4325. Argued December 16, 1927.—Decided July 16, 1928.

*F. Soto Gras* for the intervenor-appellants. *Blondet & Campillo* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

We shall consider these appeals with the title adopted by the intervenors in their complaints, *i. e.,* "José de Gracia v. Gerardo Guardiola and Mario Escudero, intervenor," and the same in the other action except that the intervenor is Algio Guardiola, when in fact they should have been entitled Mario Escudero, or Algio Guardiola, as the case may be, v. José de Gracia and Gerardo Guardiola.

In order to secure the effectiveness of a money judgment recovered by him against Gerardo Guardiola, on June 9, 1926, José de Gracia caused the attachment of two motor-cars, which we shall call jitneys hereafter because that is the name generally given here to such passenger vehicles. One of them, called Eisman, was in the possession of Mario Escudero and was appraised at that time by the marshal at $1,500. It was released on security given in the sum of $3,000. The other jitney, called María Luisa, was attached in the possession of Algio Guardiola, appraised by the marshal at $4,000 and also released on security given in the sum of $8,000.

Subsequent to these attachments Mario Escudero and Algio Guardiola brought separate actions of intervention for

the purpose of dissolving the attachments, each claiming to be the owner respectively of one of the jitneys by purchase title. Those complaints were opposed only by José de Gracia and after the corresponding trials judgments were rendered dismissing both complaints and adjudging that Mario Escudero and Algio Guardiola and their sureties pay $1,500 and $4,000 respectively to José de Gracia with legal interest from the time of the attachment, and the costs.

The intervenors appealed from those judgments and have submitted briefs in common in both cases because both appeals are based on the same grounds; therefore, we shall include both cases in a single opinion.

The fundamental ground relied on by the district court in dismissing the complaints in intervention is, as shown by its reasoning, that as it found that both jitneys had been bought by the intervenors from the firm of Alvarez Brothers on conditional sale contracts by virtue of which the absolute ownership of the vehicles remained in the vendors until the purchase price by instalments should be paid, the intervenors had no right of action and personality to bring such actions as owners of the jitneys.

That holding is attacked as erroneous in the first ground of these appeals, and it is erroneous, as held today in the case of *Montalvo v. Valdivieso, ante,* page 487, in which, for the reasons there stated, we held that in conditional sale contracts the ownership passes to the purchaser although subject to the resolutory condition of the contract and that therefore the purchaser may bring the corresponding action for damages caused the property so acquired, and consequently may sue also in intervention for the property so acquired.

The court said also, as an additional reason in each of the cases, the following: "On the other hand, taking as a whole the evidence introduced in the present case (even supposing that a title of *conditional sale* were sufficient for bringing an action of intervention), we come to the conclusion that from all the circumstances concurring in this case and

appearing from the evidence, the complaint in intervention should be dismissed.'' This is all that is said on that ground, without making any mention of the concurring circumstances from the evidence justifying the dismissal of the respective actions in intervention.

We have examined the evidence in both cases and find no circumstance whatever to justify a rejection of the claims of the intervenors if their conditional sale contracts entitle them to sue for the jitneys by intervention. It results from the evidence that the jitney called María Luisa was conditionally sold by Alvarez Brothers to Gerardo Guardiola who on December 10, 1925, returned it to the vendors by a public instrument of dation in payment; that on the same date Alvarez Brothers sold it to Algio Guardiola, a brother of Gerardo Guardiola, six months before it was attached, by a written instrument of conditional sale; that that transfer was then registered in favor of Algio Guardiola in the automobiles bureau of the Department of the Interior; that Algio Guardiola has paid the taxes on the jitney and the instalments due to Alvarez Brothers, there remaining unpaid only about five hundred dollars, and that Gerardo Guardiola transferred to him the license issued by the Public Service Commission for the transportation of passengers in that jitney. The evidence in the case of Mario Escudero is similar to the foregoing because it also appears that the jitney Eisman was sold by Alvarez Brothers to Félix Escudero who operated it on a certificate for the transportation of passengers secured from Gerardo Guardiola, as at that time no new certificates were issued; that some time later he returned it to the vendors by dation in payment; that on December 30, 1925, six months before the attachment, Alvarez Brothers sold it conditionally to Mario Escudero by a written instrument; that the jitney was registered in the name of Mario Escudero in the automobiles bureau of the Department of the Interior; that in order to operate it in the transportation of passengers he acquired the license held by Gerardo Guar-

diola and the transfer was approved by the Public Service Commission on December 29, 1925, and that that jitney was never sold by Alvarez Brothers to Gerardo Guardiola.

We fail to find in that evidence any circumstance whatever to impede the rendering of a judgment for the intervenors.

The judgments appealed from must be reversed in both cases and others rendered for the intervenors without special imposition of costs.

Mr. Justice Texidor took no part in the decision of these cases.